# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

SUSAN L. COSSETTE,

        Plaintiff,

v.                                                                     Case No. 5:20-cv-537-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.
_____

## OPINION AND ORDER[2]

### I.   Status

Susan L. Cossette ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of osteoporosis, osteopenia, a herniated disc, and cervical and lumbar spine impairments. See Transcript of Administrative Proceedings (Doc. No. 15;

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed May 6, 2021; Reference Order (Doc. No. 18), entered May 10, 2021.

"Tr." or "administrative transcript"), filed May 6, 2021, at 66, 79. Plaintiff filed an application for DIB on February 23, 2018, alleging a disability onset date of July 20, 2017.[3] Tr. at 172-73. The application was denied initially, Tr. at 65-75, 76, 77, 98-100, and upon reconsideration, Tr. at 78-92, 93, 94, 102-07.

On August 22, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who appeared with a representative, and a vocational expert ("VE"). See Tr. at 35-64. Plaintiff was sixty-two (62) years old at the time of the hearing. Tr. at 38. On November 8, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-29.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted briefs in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order, 296-303, 304 (Plaintiff's briefs), 162-63 (request for review). On September 3, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 3, 2020, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

---

[3] Although actually filed on February 23, 2018, see Tr. at 172, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 20, 2018, see, e.g., Tr. at 66.

On appeal, Plaintiff argues the ALJ: 1) "failed to properly evaluate the medical evidence in determining [Plaintiff's residual functional capacity ('RFC')]," particularly the opinion of treating nurse practitioner Jocelyn Eslinger, ARNP; 2) "erred by finding Plaintiff's mental impairment non-severe" and in doing so, improperly evaluated the opinion of treating psychiatric nurse practitioner Paula Reilley, Ph.D., ARNP; and 3) "failed to properly evaluate [Plaintiff's] testimony." Plaintiff's Memorandum of Law in Support of Her Position (Doc. No. 25; "Pl.'s Mem."), filed September 7, 2021, at 13, 20, 27 (emphasis and some capitalization omitted).[4] On November 5, 2021, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 28; "Def.'s Mem."), responding to Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Ms. Reilley's opinion and Plaintiff's mental impairments and functioning. On remand, re-evaluation of these matters may impact the other arguments made by Plaintiff in this appeal. For this reason, the Court need not address the

---

[4] Without seeking leave of Court, Plaintiff filed a memorandum that exceeds the page limitation set forth in the Court's Scheduling Order (Doc. No. 17). The Court accepts the memorandum in this instance, but future violations of the Court's Scheduling Orders may result in rejection of filings. The pagination of Plaintiff's memorandum does not match the pagination assigned by the Court's electronic filing system. Citations to this memorandum are to the originally-assigned page numbers.

remaining arguments. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry but ended at step four based upon her findings at that step. See Tr. at 18-28. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since July 20, 2017, the alleged onset date." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease (DDD) of the cervical and lumbar regions, mild bursitis of the bilateral shoulders[,] and headache." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can perform] medium work (20 [C.F.R. §] 404.1567(a)[6]), except frequently balance, stoop, kneel, crouch, crawl and climb ramps and stairs, but no ladders, ropes, or scaffolds; and, frequently reach overhead. Avoid work at heights, work with dangerous machinery, constant vibration, constant foot controls, constant pushing and pulling with the upper extremities and constant temperatures under 40°F and over 90°F.

Tr. at 22 (emphasis omitted).

---

[6] In finding Plaintiff can perform medium work, the ALJ cited 20 C.F.R. § 404.1567(a), but subsection (a) actually addresses sedentary work. Medium work is defined in 20 C.F.R. § 404.1567(c).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as an RN staff nurse, [as a] community health nurse[,] and as a medical case manager" because "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 27 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from July 20, 2017, through the date of th[e D]ecision." Tr. at 28 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court

to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues the ALJ erred at step two in finding her mental impairments to be non-severe and then at later steps in failing to include any mental limitations in the RFC. Pl.'s Mem. at 20-27. In making this argument, Plaintiff contends the ALJ improperly evaluated the opinion of her treating mental nurse practitioner, Ms. Reilley, by finding it to be only "partially persuasive," and finding more persuasive the opinions of non-examining state agency psychologists. Id. at 25-27; see Tr. at 19-20 (ALJ's findings). Responding, Defendant argues the ALJ properly evaluated Ms. Reilley's opinion because it is not supported by the record. Def.'s Mem. at 19-20. Defendant further asserts that the ALJ did not err in evaluating Plaintiff's mental impairments because "the record does not indicate that [Plaintiff's] mental condition interfered with her ability to perform basic work-related activities, particularly for a consecutive twelve-month period." Id. at 20-21 (citations omitted).

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months."

20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ

nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed her DIB application after that date, the undersigned applies the revised rules and Regulations.

Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources" as including, among others, licensed Advanced Practice Registered Nurses). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship

with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[7]

Here, Ms. Reilley, Plaintiff's psychiatric treating nurse practitioner, opined on August 7, 2019 regarding Plaintiff's mental functioning and its effect on her ability to perform work-related activities. Tr. at 619-23. Of particular relevance, Ms. Reilley indicated she had been treating Plaintiff every three months since March 2018 (well over one year), Tr. at 619, Plaintiff's diagnoses

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

were PTSD, anxiety, and depression, Tr. at 619-21, and Plaintiff also suffered from decreased energy, sleep abnormalities, and insomnia, Tr. at 620. Ms. Reilley stated that Plaintiff would have moderate difficulties in the specific areas of accepting instructions and responding appropriately to criticism from supervisors; responding appropriately to workplace changes; and traveling to unfamiliar places or using public transportation. Tr. at 622.

The ALJ addressed Ms. Reilley's opinion as part of the step two findings, although not referring to Ms. Reilley by name. See Tr. at 19 (citing Exhibit 13F: Ms. Reilley's opinion located at Tr. at 619-26). The ALJ found Ms. Reilley's opinion "partially persuasive" because "[t]here is nothing in [Plaintiff's] mental health treatment notes reporting problems accepting criticism from supervisors, responding appropriately to workplace changes or traveling to unfamiliar places." Tr. at 19. In other words, the ALJ rejected all of Ms. Reilley's assigned mental work-related limitations.

The ALJ relied on the fact that Plaintiff had long worked as a registered nurse, and she "testified she stopped working because [of physical problems,] but not because of any mental health issues." Tr. at 20. The ALJ further found that Plaintiff had "testified to working in an environment with constant changes, having to help with patients throughout the day when the need arose." Tr. at 19. The ALJ also noted Plaintiff had "traveled up north alone." Tr. at 20. Finally, the ALJ stated that Plaintiff's "issues in therapy" were "related to her

- 13 -

family relationships." Tr. at 20.

In lieu of Ms. Reilley's opinion, the ALJ relied on the opinions of non-examining state agency consultants who reviewed limited psychiatric records and opined Plaintiff did not suffer from a severe mental impairment. Tr. at 20; see Tr. at 70 (Lawrence Annis, Ph.D. reviewed a mental record dated April 17, 2018 and opined no severe mental impairment), 87 (Alan Harris, Ph.D. reviewed "Recent MH records" on August 5, 2018 and opined no severe mental impairment).

The ALJ concluded at step two that Plaintiff's "medically determinable impairments of PTSD, anxiety[,] and depression, considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe." Tr. at 20. In making the finding, the ALJ discussed the four broad functional areas set forth in the Regulations, finding mild limitations in each area. Tr. at 20; see 20 C.F.R. § 404.1520a(d)(1). The ALJ did not account for any mental limitations in the RFC finding. Tr. at 22.

The ALJ's reasons for assigning partial weight to Ms. Reilley's opinion are presumably grounded in its lack of supportability and/or consistency. Ms. Reilley's notes, however, consistently document Plaintiff having depression symptoms of losing interest, disturbed sleep, feeling tired, disturbed appetite, feeling bad about herself, trouble concentrating, and hopelessness and feeling

like giving up. See Tr. at 355, 366, 563, 570, 576, 585, 604, 615. They also consistently document anxiety symptoms of feeling nervous, worrying too much, trouble relaxing, restlessness, becoming easily annoyed, and feeling afraid something bad will happen. Tr. at 355, 366, 563, 570, 576, 585, 604, 615. Plaintiff endorsed other symptoms such as mood irritability, increased agitation, and amotivation. Tr. at 355, 564, 570, 577, 604. Plaintiff suffered panic attacks four times per month. Tr. at 355, 366, 563, 576, 604. She often appeared with a dysphoric and anxious mood and affect, exhibiting fair insight and judgment and moderate impulsivity. Tr. at 357, 359, 361, 364, 368, 565, 566, 572, 579, 587, 588, 589, 592, 606, 613, 617. She felt trapped in an emotionally abusive relationship and haunted by past abuse. Tr. at 364, 608. She has been prescribed numerous medications including Xanax, Lorazepam, Zoloft, Sertraline, and Effexor. Tr. at 355, 363, 367, 368, 369, 564, 572-73, 577, 580, 586 590, 605, 607, 618. In short, it is unclear how Ms. Reilley's stated mental limitations are not supported by or consistent with the record.

 The ALJ's observation about Plaintiff traveling alone finds some support in the record, but Plaintiff traveled to see her son, daughter-in-law, and grandchildren, Tr. at 596, and "fe[lt] she need[ed] to take th[e] trip alone," away from her boyfriend, to have "time to breath[e]." Tr. at 600. The ALJ was correct that Plaintiff did not specifically point in her testimony to her mental impairments as being the reason she stopped working, see Tr. at 45-46, but

Plaintiff nevertheless testified about her mental impairments, Tr. at 51-52. Additionally, Ms. Reilley's notes attribute Plaintiff's lack of working to "mental health=PTSD and pain issues." Tr. at 356, 367, 564, 586, 616 (capitalization omitted). At the end of the day, it is unclear how Ms. Reilley's opinions about Plaintiff's level of mental functioning are affected by the ALJ's observations with respect to Plaintiff traveling once alone to a familiar place and Plaintiff's reason for stopping work.

Ms. Reilley's opinion that Plaintiff has some work-related limitations from her mental impairments is supported by the opinion of Plaintiff's other treating nurse practitioner, Ms. Eslinger, who mainly treated Plaintiff's physical impairments but opined that "emotional factors contribute to the severity of [Plaintiff's] symptoms and functional limitations." Tr. at 631. Ms. Eslinger specifically noted Plaintiff's diagnoses of PTSD, anxiety, and depression. Tr. at 631.[8]

Furthermore, the totality of the mental health evidence does not appear to support the ALJ's findings that Plaintiff's mental impairments are not severe, i.e., that they do not cause even a "slight abnormality which has such a

---

[8] The ALJ found Ms. Eslinger's opinion was "not persuasive," Tr. at 26, a finding that Plaintiff challenges in this appeal. In discussing Ms. Eslinger's opinion, the ALJ did not recognize the mental aspect of it. See Tr. at 26. As stated previously, reconsideration of the mental impairments on remand may affect the ALJ's consideration of Ms. Eslinger's opinion, as well as consideration of Plaintiff's testimony about how her impairments affect her.

minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady, 724 F.2d at 920. But, even if the ALJ did not err at step two with respect to the mental impairments, the ALJ's election not to assign any work-related limitations based upon the mental impairments in Plaintiff's RFC cannot be upheld as supported by substantial evidence.

In evaluating Plaintiff's claim at later steps, the ALJ did not discuss the mental health evidence or otherwise make any findings about whether Plaintiff had any mental limitations. Although the ALJ made the blanket statement that she "considered all [of Plaintiff's] medically determinable impairments, including those that are not severe, when assessing [Plaintiff's] RFC," Tr. at 20, the ALJ's actual discussion of the evidence (that does not include the relevant mental treating notes) and the RFC findings (that do not include any mental limitations) shows the ALJ erroneously omitted any mental limitations from the RFC. See Schink, 935 F.3d at 1269 ("although the ALJ states he 'considered all symptoms' when assessing the claimant's RFC, the content of his discussion demonstrates he did not"). Given that the ALJ was required to consider all of Plaintiff's impairments, severe and non-severe, in assessing her RFC, the ALJ's failure to do so here constitutes error necessitating remand. See, e.g., SSR 96-8P, 1996 WL 374184 at *5; see also Schink, 935 F.3d at 1268.

The matter must be reversed and remanded for further consideration of

Plaintiff's mental impairments, including Ms. Reilley's opinion as to her functioning.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the evidence relating to Plaintiff's mental impairments;

(B) Reconsider the opinion of Ms. Reilley;

(C) If appropriate, consider the other arguments in this appeal; and

(D) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

3.  In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on March 9, 2022.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record